Mr. Dub Maxwell, Sponsor Lost Cherokee of Arkansas 108 South Fisher Jonesboro, AR 72401
Dear Mr. Maxwell:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment. You have previously submitted a similar measure, which this office rejected as being outside the initiative power of the people under Arkansas Constitution, Amendment 7. See, e.g., Op. Att'y Gen. 2005-285. You now state that "[b]ecause the proposed Amendment we submitted for your approval did contain several items that, as your pointed out in your Opinion, would be an attempt by the State to legislate in the field of Indian affairs, a power that is reserved to the federal government, we have amended the proposed amendment and deleted all reference to any legislation of Indian affairs and merely included language that the Lost Cherokee is granted state recognition as an Indian tribe." You have now submitted the following proposed popular name and ballot title for certification:
 Popular Name THE LOST CHEROKEE OF ARKANSAS Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH THE LOST CHEROKEE OF ARKANSAS AS A STATE RECOGNIZED TRIBE (ALSO KNOWN AS THE ARKANSAS CHEROKEES OR THE CHEROKEES ON THE ARKANSAS RIVER). THE LOST CHEROKEE OF ARKANSAS ARE DESCENDANTS OF THE ORIGINAL CHEROKEE NATION, AND HAVE REPRESENTED THE STATE IN THE UNITED STATES ARMED FORCES THROUGH SEVERAL WARS AND OTHER MILITARY ACTIONS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to pass on the sufficiency of the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. This process is in aid of Amendment 7 to the Arkansas Constitution, which reserves to the people the power to enact state laws and to propose statewide constitutional amendments. See Ark. Const. amend. 7 ("State Wide Petitions") and U.S. Term Limits, Inc. v.Hill, 316 Ark. 251, 872 S.W.2d 349 (1994). The law provides that the Attorney General may approve and certify or substitute and certify a more suitable and correct popular name and ballot title; or he may reject the entire ballot title, popular name, and petition if he determines that the ballot title or the nature of the issue is presented in such a manner that the ballot title would be misleading. A.C.A. § 7-9-107 (c).
Having reviewed your proposed constitutional amendment, ballot title, and popular name pursuant to this authority, it is my determination, again, that your submission must be rejected because it does not fall within the power of initiative under Amendment 7 to the Arkansas Constitution. As recognized by the Arkansas Supreme Court, Amendment 7 cannot empower the people of the State of Arkansas to initiate any measure that falls outside the powers reserved to the states and their citizens by the United States Constitution. Donovan v. Priest, 326 Ark. 353,358, 931 S.W.2d 119 (1996). As I noted in Op. Att'y Gen.2005-285, federal law invests federal officials with "management of all Indian affairs and of all matters arising out of Indian relations." Id. citing 25 U.S.C. § 2 and 25 C.F.R. §§ 83.1 to83.13 ("Procedures for Establishing that an American Indian Group Exists as an Indian tribe"). See also, United States v. Lara,541 U.S. 193 (2004) (noting Congress' plenary and exclusive broad general powers to legislate in respect to Indian tribes).
You place emphasis in your new request on the two federal statutes I cited in Op. Att'y Gen. 2005-285, that as you note, "mention state recognition of Indian tribes." See25 U.S.C. § 305e(d)(3)(B) and 18 U.S.C. § 1159(c)(3)(B). You also note that "several states have specific statutes setting forth procedure [sic] for the granting of state recognition of Indian tribes" and that "Alabama and Oklahoma also have procedures in place for granting state recognition to Indian tribes." As I noted in Op. Att'y Gen. 2005-285, with regard to the federal law cited, however, "the status of this [federal] enactment with relation to the Tenth Amendment is unclear. . . ." Additionally, I cannot speak to the constitutional jurisprudence undertaken in other states. I can state, however, based upon existing federal law, that in my judgment your current measure is outside the power of initiative reserved to the people of this state.
I must therefore decline to certify a popular name and ballot title for your measure.
Sincerely,
MIKE BEEBE Attorney General
MB: cyh